JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Krissy Sanchez,<br><br>PLAINTIFF(S)<br>v.<br><br>Donald Trump, et al.,<br><br>DEFENDANT(S) | CASE NUMBER<br><br>2:22-cv-871-CJC-GJS<br><br>ORDER RE REQUEST TO PROCEED<br>IN FORMA PAUPERIS |

**IT IS ORDERED** that the Request to Proceed *In Forma Pauperis* is hereby GRANTED.

_____          _____
Date                                              United States Magistrate Judge

**IT IS RECOMMENDED** that the Request to Proceed *In Forma Pauperis* be DENIED for the following reason(s):

- ☐ Inadequate showing of indigency
- ☒ Legally and/or factually patently frivolous
- ☐ Other: _____
- ☒ District Court lacks jurisdiction
- ☐ Immunity as to _____

Comments:
See attached.

April 18, 2022                                      /s/
Date                                              United States Magistrate Judge

**IT IS ORDERED** that the Request to Proceed *In Forma Pauperis* is hereby:

- ☐ GRANTED
- ☒ DENIED (see comments above). IT IS FURTHER ORDERED that:
  - ☐ Plaintiff SHALL PAY THE FILING FEES IN FULL within 30 days or this case will be dismissed.
  - ☒ This case is hereby DISMISSED immediately.
  - ☐ This case is hereby REMANDED to state court.

April 19, 2022                                      /s/
Date                                              United States District Judge

CV-73 (08/16)                    ORDER RE REQUEST TO PROCEED *IN FORMA PAUPERIS*

## Attachment for *Krissy Ramsell-Sanchez v. Donald Trump, et al.*,
## 2:22-cv-871-CJC (GJS)

On February 7, 2022, Plaintiff Krissy Ramsell-Sanchez ("Plaintiff"), proceeding pro se and in forma pauperis filed this civil rights complaint pursuant to 42 U.S.C. § 1983 and state law against multiple defendants in the District of New Mexico. [Dkt. 1 ("Compl.").] Plaintiff asserts claims against Donald Trump, the County of Los Angeles Board of Supervisors, social workers employed by the City of Downey, and others. On February 8, 2022, the then-assigned Magistrate Judge in the New Mexico District Court issued an ordering transferring this action to the Central District of California, where venue is proper. [See Dkt. 4.] Prior to transfer, Plaintiff filed an application for leave to proceed on an *in forma pauperis* ("IFP") basis. [Dkt. 2, "Request."] As a result, the Court is required to screen the complaint to determine if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) (*per curiam*) (noting that the mandatory screening requirement of this statute is "not limited to prisoners"); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (*en banc*) (Section 1915(e)(2)(B) "not only permits but requires a district court to dismiss an *in forma pauperis* complaint that fails to state a claim). Here, leave to proceed without prepayment of the filing fee cannot be granted, leave to amend is not appropriate, and dismissal without prejudice should be ordered, for the following reasons:

**First**, Plaintiff's complaint violates Rule 8 of the Federal Rules of Civil Procedure and, as a result, fails to state a claim upon which relief can be granted. Rule 8 of the Federal Rules of Civil Procedure requires "simple, concise, and direct" allegations. *See* Fed. R. Civ. P. 8(d)(1). Under Rule 8(a)(2), a complaint shall set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." (Emphasis added). The required statement under Rule 8(a) must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007); *see Eclectic Properties E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 996 (9th Cir. 2014). "Experience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the

1

litigants suffer, and society loses confidence in the court's ability to administer justice." *Bautista v. Los Angeles County*, 216 F.3d 837, 841 (9th Cir. 2000) (citation omitted).

Plaintiff's complaint is neither short nor plain. Instead, Plaintiff's complaint is unclear and generally devoid of dates and identities of any individuals involved. [See Dkt. 1.] As the best the Court can gather, the complaint stems from the removal of Plaintiff's child by social workers and the Downey Police Department due to suspected drug addiction. Plaintiff accuses the social workers of being "sex traffickers" who kidnapped her son in order to perform experiments on him. [See Dkt. 1 at19-20.] Plaintiff also spends a significant portion of her complaint explaining her work on behalf of her organization "Jane Doe Matters" which she alleges has ties to former president Donald Trump and the Trump Campaign. Although unclear, Plaintiff appears to link the removal of her son to the alleged nefarious activities of several government officials including Donald Trump and Joe Biden. Plaintiff details lurid and colorful allegations regarding President Trump and others, including "rape by electricity drones clones," and claims that "Donald Trump and his administration [are] responsible for the known sex trafficking in this country of over 5 million foster children." [Dkt. 1 at 21.]

Plaintiff recently filed three lawsuits in the Montana District Court challenging her loss of custody over her children and related drug testing. [See D. Mont. case nos. 1:17-cv-00156-SPW-TJC, 1:18-cv-00090-SPW-TJC, 1:18-cv-00091- SPW-TJC.] She is also a prior litigant in the Central District. [See case nos. 8:20-cv-1115 (child custody claims and allegations related to the kidnapping of Donald Trump dismissed for failing to state a claim); 8:08-cv-00062-JVS-AN [medical malpractice case dismissed for lack of prosecution).]

Plaintiff's allegations are plainly fantastical, delusional and legally frivolous. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

**Second**, this Court has no jurisdiction to review a state court's custody determinations, as this issue is barred by the *Rooker-Feldman* doctrine. *See Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004) ("*Rooker-Feldman* bars federal district courts from exercising subject matter jurisdiction over a suit that is a de facto appeal from a state court judgment."). The Ninth Circuit has stated it is inappropriate for a federal court to interfere in family law matters pending in state court. *See Coats v. Woods*, 819 F.2d 236, 237 (9th Cir. 1987) (no abuse of discretion in district court's abstention from hearing § 1983 claims arising from a child custody dispute pending in state court); *Peterson v. Babbitt*, 708 F.2d 465, 466 (9th Cir. 1983) (upholding abstention by district court in dispute involving father's visitation rights). Disputes regarding child custody and visitation are domestic relations matters traditionally within the domain of the state courts, and it is appropriate for federal district courts to abstain from hearing such cases, especially when there are ongoing state judicial proceedings. *Coats*, 819 F.2d at 237.

In this case, it is somewhat unclear whether the state judicial proceedings are ongoing or concluded. To the extent Plaintiff's proceedings in state court are ongoing, *Younger* abstention is appropriate to the extent Plaintiff seeks relief from federal court that would interfere with matters pending before the state courts. *Younger v. Harris*, 401 U.S. 37, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971). Such ongoing state court proceedings would implicate important state interests in family relations. Moreover, Plaintiff has an adequate opportunity to raise her constitutional claims in the state courts. *H.C. v. Koppel*, 203 F.3d 610, 613 (9th Cir. 2000).

To the extent Plaintiff's state court proceedings have concluded, presumably to Plaintiff's detriment, there is still no federal jurisdiction which would permit this court to interfere. The court does not have jurisdiction over a complaint that is a *de facto* appeal of a state court judgment under the *Rooker-Feldman* doctrine. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S. Ct. 149, 68 L. Ed. 362 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983). Although *Rooker-Feldman* is a doctrine that has been significantly narrowed over time, it nevertheless applies in cases seeking a federal follow-up to a state court parental rights case. *See Parlante v. Peterson*, 323 Fed. Appx. 529 (9th Cir. 2009) (dismissing on child custody matter on *Rooker-Feldman* grounds);

3

*see also Noel v. Hall*, 341 F.3d 1148, 1164 (9th Cir. 2003) (A federal plaintiff who seeks relief from a state court judgment based on an allegedly wrong state court decision is barred by *Rooker-Feldman* because the federal court lacks subject matter jurisdiction).

Here, Plaintiff alleges that she has been recently unable to attend various court hearings due to Covid-19 closures. [Dkt. 1 at 15.] She further alleges that the state court improperly transferred her son's custody case to Washington State. [*Id.*] In challenging that decision, she blames Los Angeles Superior Court Judge Sabrina Helton. [Dkt. 1 at 17.] These allegations suggest that the state court case may be ongoing or concluded, but, most importantly, the complaint seeks an injunction to remove Plaintiff's children from the protective custody ordered by the state court and place the children back with her. [Dkt. 1 at 23.] This Court is without jurisdiction to provide the requested relief in either case.

Although the Court would ordinarily grant a *pro se* plaintiff leave to amend, it does not appear that the above-mentioned defects can be cured by more detailed factual allegations or revision of Plaintiff's claims. For the reasons stated above, the Court does not have jurisdiction to hear Plaintiff's challenges to her state court proceedings. Further, the complaint does not come close to the level of pleading required to state "'a claim that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Rather, Plaintiff's allegations are factually frivolous, wholly incredible, and delusional within the meaning of *Neitzke*, 490 U.S. at 325, and 28 U.S.C. § 1915A(b)(1).

Leave to amend would be futile and should be denied. Accordingly, this case should be dismissed with prejudice.